IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

ALICE FAYE ROBERTS,                :
                                   :
     Plaintiff,                    :
                                   :
vs.                                :     CIVIL ACTION
                                   :     FILE NUMBER _____
DOUGHERTY COUNTY SCHOOL SYSTEM:          **JURY TRIAL DEMANDED**
                                   :
                                   :
     Defendant.                    :
                                   :

## PLAINTIFF'S COMPLAINT

COMES NOW Plaintiff, by and through her attorney, and shows this Honorable Court the following:

I.

## JURISDICTION AND VENUE

1.

This action is brought pursuant to the Age Discrimination In Employment Act of 1967 codified at 29 U.S.C. § 621 et seq. ("ADEA"), as amended by the Civil Rights Act of 1991, to redress Plaintiff's rights to be free from age discrimination and retaliation under the United States Constitution, and Georgia state law.  The Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

2.

Venue lies in this Court under 28 U.S.C. § 1391(b) and this cause resides in the Albany Division of this Court because a party to this action either resides in and/or has an office located

within the boundaries of this judicial district.  Moreover, the unlawful employment practices alleged below were committed in the Middle District of the State of Georgia.

## II.

## **PARTIES**

### 3.

Plaintiff, Alice Faye Roberts, is a black female, and at all times relevant to this Complaint, was over the age of forty (40) and  a resident of the Middle District of Georgia.  Plaintiff was at all times relevant hereto, an employee of the Dougherty County School System, and Plaintiff had a property interest in her continued employment as she had an employment contract with the Dougherty County School System.

### 4.

At all times relevant to this Complaint, Defendant Dougherty County School System, (hereinafter **"DCSS"**) is  a school system in the State of Georgia located in Albany, Dougherty County, Georgia. The  address  of  the  DCSS  is  listed  as   200  Pine  Street  Albany, Georgia 31701. The DCSS is  located, and in, and is doing business, within  this  judicial  district.   At  all  times  relevant  to  this complaint,  **DCSS** has employed in excess of 20 employees.

### 5.

The Defendant **DCSS** is liable for constitutional deprivations pursuant  to  governmental  custom,  policy,  or  practice  whether

written or unwritten.  Monell v. New York Dept. of Social Services,

436 U.S.C. 658 (1978).  The Defendant **DCSS** is also liable for the

misconduct, inadequate training, failure to train, negligent

hiring, negligent retention and negligent supervision of its

employees.

## III.

## **GENERAL ALLEGATIONS**

### 6.

Plaintiff began her employment with Defendant **DCSS** in or about

2005 at Magnolia Elementary School as a regular education teacher

in kindergarten. Plaintiff taught this grade level for one year

because the very next year (against Plaintiff's wishes),

Plaintiff's principal moved Plaintiff to fifth grade science.

### 7.

Plaintiff taught in the fifth grade for one year and Plaintiff

then requested a transfer to Merry Acres Middle School to teach

special education. Plaintiff taught at the middle school level from

2007 until May 2012. During the summer of 2012, Plaintiff was

transferred to Northside Elementary School against her wishes.

Plaintiff taught at Northside in the capacity of ESP teacher until

2016.

### 8.

Plaintiff obtained several degrees in a short period of time.

Plaintiff obtained an Associate's Degree in Human Services, a

Bachelor's Degree in Early Childhood Education, A Master's Degree in Special Education and an Education Specialist Degree in Educational Administration and Supervision. Plaintiff obtained all of these degrees with honors by 2009. In addition to earning these degrees, at the suggestion of the then Associate Superintendent of Curriculum, Plaintiff gave up her Saturdays from September 2014 - May 2015 to obtain a Degree in Leadership (Aspiring Principal Program/ Legacy Pathway Program) and Plaintiff graduated with an exemplary review.

9.

While working as a teacher, Plaintiff began to apply for leadership positions, especially assistant principal's positions. Plaintiff has had an Leadership Level 6 Certification since 2009. In order to qualify for the position of an assistant principal, an applicant need only have a Leadership Level 5 certification. Plaintiff lost out on numerous positions to younger employees who had less experience and less qualifications than Plaintiff. Even though Plaintiff lost out on these positions, Plaintiff was never informed that she did not receive the position, nor was Plaintiff ever told a reason why she was not chosen for any of the positions.

10.

During her employment, Plaintiff had continuously complained about this discrimination, and as a result of same, she has been denied job positions, retaliated against, and Plaintiff was

demoted. Plaintiff hah no negative evaluations until after she had complained of discrimination.

11.

After she had complained about not receiving promotional positions, on or about March 11, 2019, Plaintiff was demoted from her position as an Instructional Coach to a second grade exceptional students' teacher. Plaintiff's salary was reduced when Plaintiff was demoted.

12.

After Plaintiff was demoted, a position that was equal to her position was created and a younger and lesser qualified employee was placed in this position. Plaintiff also applied for numerous positions as an assistant principal. Plaintiff was denied an assistant principal's position in or around February, 2020. Plaintiff applied or, and was denied, positions for an assistant principal from February, 2020, through June, 2020. Plaintiff lost each of these position to a younger, less experienced, and a lesser qualified employee.

13.

Plaintiff was subjected to numerous acts of harassment and retaliation.  Plaintiff has been denied promotions, and Plaintiff has been denied accommodations and other employment rights. Plaintiff was required to perform job duties in violation of her imposed restrictions imposed by her doctor. The defendant and its

employees have used their efforts to discredit Plaintiff's work, and to undermine Plaintiff's authority within her classroom. Plaintiff received negative evaluations after she complained of discrimination. Plaintiff was treated differently from similarly situated younger employees. Plaintiff was ridiculed, intimidated, and Plaintiff's supervisory responsibilities were diminished. Plaintiff was also subject to an unequal application of work rules and Plaintiff has been disciplined differently from similarly situated employees. Plaintiff was subjected to a very hostile work environment and that environment continues today.

14.

Prior to, and after, the occurrence of the events in this lawsuit, Plaintiff had complained about the discriminatory practices and policies of defendants and according to the policies and procedures of defendants, Plaintiff was not supposed to be subjected to any harassment and/or retaliation for utilizing the defendant's policies and procedures.

15.

But for the fact of Plaintiff's status as a person who was over the age of 40, Plaintiff would have been promoted to the position of assistant principal, Plaintiff would not have been retaliated against, and Plaintiff would not have been subject to a hostile work environment. The defendant's actions in subjecting Plaintiff to age discrimination, a hostile work environment and

retaliation, constitutes unlawful discrimination under the color of state law in violation of the ADEA.

16.

This unwelcomed age discrimination against Plaintiff unreasonably interfered with Plaintiff's right to enter into a contract, affected the terms, conditions and privileges of her employment and further created a hostile, abusive, offensive and intolerable working environment for her.

17.

As of the date of this Complaint, Plaintiff had not been promoted to an assistant principal's position, and Plaintiff has not been reinstated to her former position of employment.

18.

At all times relevant to this Complaint, the employees of **DCSS,** were the alter-egos of Defendant **DCSS** and, as such, the **DCSS** had actual and/or constructive knowledge of the unlawful age discrimination and retaliation perpetrated upon Plaintiff under the color of state law.

19.

The DCSS did not take sufficient action to formulate and implement policies to prevent discrimination against the class of persons to which Plaintiff belongs.

20.

As such, by failing or refusing to formulate and implement

policies to prevent said discrimination, the **DCSS** created and perpetuated a <u>de facto</u> policy of allowing, condoning, and ratifying such unlawful and discriminatory conduct in the workplace, and in so doing, acted with malice or reckless indifference to Plaintiff's federally protected rights.

21.

The **defendant's** reasons for not promoting and retaliating against Plaintiff were purely pretextual and otherwise discriminatory in nature.

22.

On July 17, 2020, Plaintiff filed an Employment Discrimination Complaint with the Equal Employment Opportunity Commission ("EEOC") referencing age discrimination and retaliation in employment.  A true and correct copy is attached hereto as Exhibit "A".

23.

On or about August 10, 2023, the EEOC issued a Notice Of Right To Sue letter to Plaintiff which Notice was received by Plaintiff after August 10, 2020, authorizing Plaintiff to proceed with a civil action.  A true and correct copy is attached hereto as Exhibit "B" of this Complaint.

## COUNT I

### 24.

The defendant's actions in subjecting Plaintiff to age discrimination and retaliation constitute unlawful discrimination in violation of ADEA.  The defendant's actions in violating Plaintiff's rights under the ADEA were willful. This claim is brought against the DCSS as there is no individual liability under the ADEA, although the DCSS is responsible for the acts and/or omissions of its employees.

## COUNT II

### 25.

The defendants breached Plaintiff's written employment contract by not following the policies and/or procedures of the DCSS and Georgia law. The defendants also breached this contract by not paying Plaintiff according to this contract. The defendant breached the contract that it entered into with Plaintiff by violating its policies and procedures and then by retaliating against Plaintiff for using these policies and procedures. The defendant also breached its contractual duties to Plaintiff by failing to provide to Plaintiff the protection that it had promised to provide to Plaintiff by virtue of its policies and procedures. This claim is brought against the defendant **DCSS.**

### 26.

The defendant has willfully and wantonly disregarded

Plaintiff's rights, and the defendant's actions against Plaintiff were undertaken in bad faith.

27.

As a direct and proximate result of the defendant **DCSS's** knowledge, condonation, and ratification of its age discrimination and retaliation against Plaintiff, Plaintiff has lost past and future wages and benefits and has otherwise suffered mental anguish, emotional harm and distress, humiliation, embarrassment and physical discomfort.

28.

Upon information and belief, the aforesaid customs, policies, practices, and systemic deficiencies of the **DCSS** arose through the conscious decisions and/or deliberate indifference of the school system and its policy makers and final decision-makers.

29.

The defendant **DCSS** is liable to Plaintiff for compensatory damages and attorney's fees for causing Plaintiff to be deprived of her federal constitutional rights.

WHEREFORE, Plaintiff demands judgment against the defendant for back pay, front pay, lost employment benefits, compensatory damages, liquidated damages, punitive damages, attorney's fees and costs and other such relief as this Court deems just and equitable.

WHEREFORE, Plaintiff demands a TRIAL BY JURY and prays that this Honorable Court:

a) adjudge the defendants to have engaged in unlawful employment discrimination and retaliation under the color of state law in violation of the ADEA;

b) award Plaintiff prospective injunctive relief to include placement into an assistant principal's position, and/or reinstatement to her former position, and award Plaintiff liquidated damages, back pay, front pay, and equitable relief;

c) award Plaintiff compensatory damages for the violation of her statutory and constitutional rights and breach of contract in an amount to be determined by the enlightened conscience of the jury, including damages for loss of income, emotional distress, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

d) award Plaintiff punitive damages for the unlawful intentional discrimination against them and to deter the conduct of the defendants pursuant to federal and state law punitive damages statutes;

e) award Plaintiff costs of this action and her reasonable attorneys' fees including interim and final attorney's fees;

f) award Plaintiff injunctive relief to prevent defendants from discrimination against her, and retaliating against her; and

g) award Plaintiff such further relief, equitable or

legal, that this Court may deem just and proper.

          This the 7<u>th</u> day of November, 2023.

          RESPECTFULLY SUBMITTED,

          THE LAW OFFICES OF MAURICE LUTHER KING, JR.,P.C.

          BY: /s/Maurice Luther King, Jr.
             MAURICE LUTHER KING, JR.
             ATTORNEY FOR PLAINTIFF
             STATE BAR NO. 421145

POST OFFICE BOX 72071
ALBANY, GEORGIA 31708-2071
(229) 639-0619